**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| **LOCAL 455, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**WESTERN MASSACHUSETTS ELECTRIC COMPANY d/b/a EVERSOURCE ENERGY,**<br><br>        **Defendant** | **CIVIL ACTION NO. _____** |

TO:    The Honorable Judges of the
           United States District Court
           District of Massachusetts
           Western Division

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendant Western Massachusetts Electric

Company d/b/a Eversource Energy ("Eversource" or "Defendant") files this Notice of Removal

to remove this action from the Massachusetts Superior Court in and for Hampden County, in

which said case is now pending in the name and style *Local 455, International Brotherhood of*

*Electrical Workers, AFL-CIO v. Western Massachusetts Electric Company d/b/a Eversource*

*Energy*, Civil Action No. 1879-CV-00678.

As grounds for this removal, Defendant states as follows:

1

## INTRODUCTION

1.      Plaintiff Local 455, International Brotherhood of Electrical Workers, AFL-CIO ("Plaintiff" or "the Union") served upon Defendant's resident agent for service of process, Corporation Service Company ("CSC"), a Summons and a copy of a Complaint in this action on October 26, 2018. A copy of the Summons and Complaint and all other papers received in this case to date are attached hereto as Exhibit A.

2.      The Complaint, which the Union purports to bring on behalf of a bargaining unit comprised of approximately 118 craft workers of Defendant, alleges that, from February 5, 2018 to present, Eversource's employees performed work during some or all of their half-hour lunch periods. The Union, in its Complaint, further alleges that Defendant did not compensate employees for time worked during these meal breaks. Plaintiff asserts that Defendant's conduct constitutes a violation of Massachusetts labor laws, including M.G.L. c. 149, §§ 148 and 150 and M.G.L. c. 151 §§ 1A and 1B. and seeks time-and-one-half overtime pay and benefits for all employees for all unpaid working lunch periods from February 5, 2018, treble damages, and attorneys' fees.

## TIMELINESS OF REMOVAL

3.      Defendant's resident agent, CSC, was served a copy of the Complaint on October 26, 2018. This Notice is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

2

## GROUNDS FOR REMOVAL

4.     Removal of this case is proper pursuant to 28 U.S.C. § 1331 because it presents a

federal question under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185,

and the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*

5.     Although the presence or absence of federal question jurisdiction is generally

governed by the "well pleaded complaint" standard, which provides that federal jurisdiction

exists only when a federal question is presented on the face of the plaintiff's properly pleaded

complaint, the doctrine of complete preemption exists as an "independent corollary to the well-

pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This doctrine

provides that "if a federal cause of action completely preempts a state cause of action, any

complaint that comes within the scope of the federal cause of action necessarily 'arises under'

federal law, such that "any claim purportedly based on that pre-empted state law is considered,

from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S.

at 393 (internal citations omitted).

6.     Pre-emption can occur by operation of the so-called "duty of fair representation."

*BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of Am.*, 132

F.3d 824, 830 (1st Cir. 1997). A union acting in its representative capacity has a statutory

obligation to serve the interests of all members without hostility or discrimination toward any, to

exercise it discretion in complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v.*

*Sipes*, 386 U.S. 171, 177. The duty of fair representation stems from the union's status as the

exclusive bargaining agent, and therefore, implicates Section 9(a) of the National Labor

Relations Act. 29 U.S.C. § 159(a). "Consequently, state law is preempted whenever a plaintiff's

3

claim invokes rights derived from a union's duty of fair representation." *BIW Deceived* 132 F.3d

at 830 (1st Cir. 1997) (citing *Condon v. Local 2944,* 683 F.2d 590, 594-5 (1st. Cir. 1982)) ("[a]

union's rights and duties as the exclusive bargaining agent in carrying out its representational

functions" collectively comprise a field in which the policy of the law is so dominated by the

sweep of federal statutes that legal relations which [those rights and duties] affect must be

deemed governed by federal law having its source in those statutes, rather than by local law")

(citations and internal quotation marks omitted).

7.      Here, the Union's Complaint nowhere alludes to whether or not, prior to suit, it

exhausted remedies by following the applicable grievance and/or arbitration procedures set forth

in the collective bargaining agreement between the parties. Therefore, to the extent that the

ability of Plaintiff to proceed with its claims depends on whether it timely fulfilled any

exhaustion prerequisites to suit, the individual employees of the bargaining unit on whose behalf

the Union purportedly brin gs this claim may choose to "invoke[] rights derived from a union's

duty of fair representation." *BIW Deceived*, 132 F.3d at 830. For these reasons, it is evident that

the instant action may evolve to encompass allegations by individual employees that the *Union*

breached a duty, that of fair representation, which is grounded in federal statutes—and

accordingly, federal law governs the instant action. *Vaca,* 386 U.S. at 177 (internal citations

omitted).

8.      Additionally, substantive federal principles permit removal under federal question

jurisdiction where at least one of a plaintiff's claims is preempted by Section 301 of the Labor

Management Relations Act, 29 U.S.C. § 185. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S.

399, 406 n. 5 (1988); *Franchise Tax Bd. of State of Cal v. Constr. Laborers Vacation Tr. For S.*

4

*California*, 463 U.S. 1, 23 (Section 301 possesses preemptive force). Thus, "[i]f the resolution of

a state-law claim depends upon the meaning of a collective bargaining agreement, the application

of state law…is pre-empted." *Lingle*, 486 U.S. at 399. For pre-emption purposes, the term "labor

contract" also includes union constitutions and bylaws. *See, e.g., Wall v. Constr. & Gen.*

*Laborers' Union, Local 230*, 224 F.3d 168. 178 (2d Cir. 2000). Importantly, a complaint need

not specifically allege a violation of the labor contract to be preempted by Section 301. If the

resolution of the dispute is "substantially dependent upon analysis of the terms of [a collective

bargaining agreement]," then the dispute is treated as a dispute regarding the collective

bargaining agreement and is preempted. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220

(1985).

      9.      Within the three-pages of its Complaint, the Union alleges, *inter alia,* that

Defendant has failed to pay employees for compensable work performed during lunch periods.

Plaintiff's Complaint, which is vaguely and desultorily pled, does not at all address a crucial

element of its action, namely, whether Eversource knew or should have known that employees

were performing work during meal breaks and did not pay them for their time. *See Rueli v.*

*Baystate Health, Inc.*, 835 F.3d 53, 62-63 (1st Cir. 2016) (noting that the Massachusetts Wage

Act and Overtime Act require that wages be paid for all work the employer "suffers or permits to

be done" and further finding, in an action for unpaid wages and overtime pay for work performed

outside of employees' approved shifts, that determination of employer's actual or constructive

knowledge would be key to resolution of dispute); *see also Raposo v. Garelick Farms, LLC.*, 293

F.R.D. 52, 56 (D. Mass. 2013). Resolution of the instant dispute will likely involve a

determination of Defendant's actual or constructive knowledge regarding the employees' alleged

unpaid work, the performance of which Defendant does not concede. With regard to constructive

knowledge, the issue must be considered "in view of the employer's 'duty…to inquire into the

conditions prevailing in his business.' " *Vitali v. Reit Mgmt. & Research, LLC*, 88 Mass.App.Ct.

99, 103 (2015) (alteration in original) (quoting *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 512

(5th Cir. 1969)). Furthermore, Plaintiff's Complaint does not address whether employees might

have voluntarily waived their meal breaks, in accordance with the collective bargaining

agreement between the parties. *See An Advisory from the Attorney General's Fair Labor and*

*Business Practices Division on Meal Periods*, *Mass. Att'y Gen Advisory* 94/2 (1994). Such

inquiries may not be limited to facts, but rather, are enmeshed with analyses regarding the

employer's duty to inquire into what workers are doing, what reasonable diligence the employer

must perform to ensure that unauthorized work is not being performed, and the potential rights of

employees to waive certain contractual entitlements of employment. *Rueli*, 835 F.3d at 63.

    10.    The aforementioned inquiries into Eversource's obligations and employees'

potential waivers of entitlements necessarily require an interpretation of multiple provisions of

the collective bargaining agreement, including provisions specifying whether work hours can be

changed without Eversource's permission; and management rights provisions giving Eversource

the right to create workplace rules and set schedules. *See Martin v. Shaw's Supermarkets, Inc.*,

105 F.3d 40, 43-44 (1st Cir. 1997) (holding that plaintiff's claim would require interpretation of

the management rights clause of the collective bargaining agreement, and was therefore

preempted); *see also Fant v. New Eng. Power Serv. Co.*, 239 F.3d 8, 16 (1st Cir. 2001) (citing

the management rights clause of the collective bargaining agreement in support of its holding that

plaintiff's claims were completely preempted).

11.     In addition, to the extent that this suit may precipitate claims by individual employees that the Union violated its duty of fair representation, as discussed above, such claims will likely require not only an interpretation of a collective bargaining agreement, *Vaca*, 386 U.S. at 183-85, but also the Union's constitution and bylaws. *Pruitt v. Carpenters' Local Union No. 225 of United Bhd. of Carpenters & Joiners of Am.*, 893 F.2d, 1216, 1218-19 (11th Cir. 1990) (because union constitutions are a contract between a union and its members governed by Section 301, cases requiring its interpretation are also preempted and removable). Accordingly, the interpretation and application of the rights and duties conferred by the collective bargaining agreement, the Union's constitution, and the Union's bylaws are relevant to the resolution of the employees' claims.

## VENUE

12.     Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division embraces Hampden County, Massachusetts, where this action is currently pending in Massachusetts Superior Court. Defendant reserves the right to seek transfer to another district and/or division in accordance with Rule 40.1(f) of the Local Rules of the United States District Court for the District of Massachusetts.

## NOTICE AND RESERVATION OF RIGHTS

13.     Defendant will promptly file a Notice to Plaintiff of filing of this Notice of Removal (attached hereto as Exhibit B) and a copy of the Notice of Removal with the Clerk of the Superior Court, Hampden County, Commonwealth of Massachusetts, where this action has been pending, pursuant to 28 U.S.C. § 1446(d) (attached hereto as Exhibit C).

14.     Pursuant to Local Rule 81.1(a), Defendant will obtain certified or attested copies of the docket sheet and all pleadings in the state court action and will file them in this Court within twenty-eight (28) days. Additionally, pursuant to Local Rule 5.4(f), Defendant will also file a disk with the clerk's office, containing the state court record in .pdf format.

15.     By filing this Notice of Removal, Defendant is not making a general appearance and is not waiving its rights to raise any defenses and/or grounds for dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or any other applicable rules.

Respectfully submitted,

WESTERN MASSACHUSETTS ELECTRIC
COMPANY d/b/a Eversource Energy,

By its Attorneys,

/s/ _____

Daniel S. Field, Esq. (BBO #560096)
Deepa K. Desai, Esq. (BBO # 696574)
**MORGAN, BROWN & JOY, LLP**
200 State Street, 11th Floor
Boston, MA 02109
(617) 523-6666
(617) 367-3125 (Fax)
dfield@morganbrown.com
ddesai@morganbrown.com

Dated:  November 26, 2018

8

## Certificate of Service

I, Deepa K. Desai, hereby certify that on this 26th day of November 2018, I have caused a true and correct copy of the foregoing to be served via first-class mail upon plaintiff's counsel, James O. Hall, Esquire, 403 Highland Avenue, Somerville, MA 02144.

/s/ D. Desai

Deepa K. Desai